UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACQUELINE SUAREZ,<br><br>Plaintiff,<br><br>- against –<br><br>BIG APPLE CAR, INC. AND DIANE CLEMENTE, individually,<br><br>Defendants. | Case No.: 15-CV-05330 (AMD)(RLM) |

**MEMORANDUM OF LAW IN SUPPORT MOTION FOR RECONSIDERATION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**BACKGROUND AND LEGAL ARGUMENT**

Plaintiff Jacqueline Suarez ("Plaintiff"), who worked for defendant Big Apple Car, Inc. and Diana Clemente (both "Defendants"), commenced this action against Defendants for failure to pay overtime under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), among other claims, including a claim under NYLL §195(3) for failure to provide regular wage statements. In mid-2017, the parties both moved for partial summary judgment on several of Plaintiff's claims, including Plaintiff's claim under NYLL §195(3)

In this Court's Decision and Order dated November 1, 2017 (the "Decision"), this Court dismissed Plaintiff's unpaid commission claim, unpaid vacation claim, and wage notice claim, but granted Plaintiff's motion for partial summary judgment on her NYLL §195(3) claim, which requires employers to provide employees with regular wage statements with specific information, and issued judgment against Defendants for statutory damages. See Decision pp. 12 to 14. In finding Defendants failed to provide all of the information required on wage statements under the statute, this Court, however, overlooked the statutorily proscribed affirmative defenses under NYLL §198(1-d), which allows employers, who may fail to completely comply with NYLL §195(3), to defend against such claim by establishing the employee was paid properly

43379378;1

during her employment.  Given that the whole reason this action is proceeding to trial on Plaintiff's remaining overtime claim under the FLSA and NYLL is because there are issues of fact regarding that very subject of whether or not Plaintiff was properly paid during her employment.  If Defendants succeed in establishing that fact at trial, then, by the same token, they will have also established the affirmative defense under NYLL §198(1-d). Accordingly, Defendants submit this motion for reconsideration under Local Rule 6.3, and request that this Court deny Plaintiff's motion for partial summary judgment on Plaintiff's claim under NYLL §195(3) and allow the claim to proceed to trial with Plaintiff's overtime claim under the FLSA and NYLL.

Under Local Rule 6.3, ""[t]he major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Webb v. City of New York, No. 08-CV-5145 (CBA), 2011 WL 5825690, at * 1 (E.D.N.Y. Nov. 17, 2011); see also In re N.Y. Cmty. Bancorp, Inc., Secs. Litig., 244 F.R.D. 156, 159 (E.D.N.Y. 2007)(a motion for reconsideration should be granted "where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision.").

This Court overlooked the critical and controlling affirmative defense under NYLL §198(1-d), which Defendants mentioned in their motion and pre-motion conference request letter (see Defendant's reply memorandum in support of their motion for partial summary judgment, which was also submitted in opposition to Plaintiff's motion, at p. 14, n. 11; pre-motion conference letter at Docket No. 33), and did not consider it in granting Plaintiff's motion on her NYLL §195(3) wage statement claim.  However, once it is applied to Plaintiff's motion on that claim, the motion clearly and without doubt should have been denied and judgment should not be entered against Defendants on the claim.

Under NYLL 198(1-d), "it shall be an affirmative defense [to a claim under NYLL 195(3)] that…the employer made complete and timely payment of all wages due." NYLL 198(1-d).[1] Given that this matter is proceeding to trial on that very issue, *i.e.*, whether Plaintiff was properly paid, there are issues of fact on this affirmative defense. Indeed, while Plaintiff maintains that she was not paid for any overtime she allegedly worked during her employment, Plaintiff did not move for summary judgment on her overtime claim, an acknowledgment itself that Plaintiff sees issues of fact on the issue. Moreover, Defendants certainly presented evidence (much of which consisted of Plaintiff's own revealing testimony) in support of their motion and in opposition to Plaintiff's motion that (a) Plaintiff was properly paid, and (b) evidence directly undermining Plaintiff's claim that she worked overtime and was not paid properly, particularly evidence that puts Plaintiff's ability to effectively approximate when she happened to work overtime into question, whether it happened in only certain situations or certain days of the week. See Defendants' 56.1 Statement of Undisputed Fact ¶6 to ¶22; Defendants' 56.1 Counter-Statement of Undisputed Fact ¶8; Declaration of Diana Clemente in Opposition to Plaintiff's Motion of Partial Summary Judgment ¶2. Accordingly, given that there are issues of fact for trial on whether Plaintiff was properly paid overtime, there are, by extension, issues of fact on the affirmative defense under NYLL §198(1-d). Therefore, Plaintiff's motion for partial summary judgment on her NYLL §195(3) wage statement claim should have been denied and judgment for statutory damages should not have been entered against Defendants.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion for reconsideration and deny Plaintiff's partial summary judgment in its entirety, and award such other relief deemed equitable.

---

[1] There is actually a second affirmative defense under NYLL 198(1-d) (*i.e.*, the employer had good faith basis for not providing the wage statement) Defendants can apply at trial to defend against this claim.

Dated: New York, New York
November 15, 2017

                                    **AKERMAN LLP**

                           By:   /s/ Bran Noonan

                                Bran C. Noonan
                                666 Fifth Avenue, 20th Floor
                                New York, New York 10103
                                (212) 880-3822
                                *Attorneys for Defendants*
                                *Big Apple Car, Inc. and*
                                *Diana Clemente*

To:    Russell Moriarty, Esq.
        Levine & Blitt, PLLC
        350 Fifth Avenue, Suite 4020
        New York, NY 10118
        *Attorneys for Plaintiff*