```
UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  |
JACQUELINE SUAREZ,                                                |   Docket No. 15 CV 5330
                                                                  |   (AMD)(RLM)
                                    Plaintiff,                    |
                                                                  |
             vs.                                                  |
                                                                  |
BIG APPLE CAR, INC. and DIANE CLEMENTE,                           |
individually,                                                     |
                                                                  |
                                    Defendants.                   |
                                                                  |
------------------------------------------------------------------X
```

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS' MOTIONS *IN LIMINE*

Defendants Big Apple Car, Inc. ("BAC") and Diana Clemente (s/h/a Diane Clemente) (both, "Defendants"), through their attorneys Akerman LLP, hereby submit this Memorandum of Law in Support of Their Motions *in Limine* pursuant to the Court's March 13, 2018 Order and Section 5(B)(i) of The Honorable Judge Ann M. Donnelly's Individual Practices and Rules.

In her Amended Complaint, Plaintiff asserted seven causes of action: (1) unpaid overtime under the Fair Labor Standards Act ("FLSA"); (2) unpaid overtime under the New York Labor Law ("NYLL"); (3) unpaid finder's fee commissions under NYLL §191-c for drivers Plaintiff allegedly referred to and began driving for the company; (4) non-payment of wages pursuant to an alleged agreement under the NYLL; (5) unpaid vacation benefits under the NYLL generally; (6) failure to provide Plaintiff with a wage notice under NYLL §195(1); and (7) failure to provide Plaintiff with wage statements under NYLL §195(3).

However, pursuant to the Stipulation of Dismissal of Fourth Cause of Action dated April

17, 2017[1] and the Court's Orders dated November 1, 2017 and December 1, 2017, four of these causes of action have been dismissed. Accordingly, Plaintiff's remaining two claims are as follows: (1) unpaid overtime under the FLSA and NYLL; and (2) failure to provide wage statements pursuant to NYLL §195(3).

Defendants makes the following motions of *in limine*: (1) preclude any party from referencing Jean Ingrazia, whom the parties agreed not to call at trial, (2) bifurcate the liquidated damages portion of the trial, and (3) preclude the admission of four sets of self-serving documents prepared by Plaintiff regarding her job duties. For the reasons discussed below, Defendants request that the Court grant Defendants' motions in their entirety.

## ARGUMENT

### I. THE PARTIES SHOULD BE PRECLUDED FROM MAKING ANY REFERENCE TO JEAN INGRAZIA IN THE PROSECUTION OR DEFENSE OF THE CLAIMS

On January 7, 2017, at the deposition of witness Cathy Stassola, the parties mutually stipulated and agreed on the record that neither party could depose, obtain a declaration from, and call at trial Jean Ingrazia ("Ingrazia"), who is a former employee of BAC. See Excerpt from the deposition transcript of Cathy Stassola dated January 7, 2017, attached to the Declaration of B. Noonan, dated March 26, 2018. Since both parties have essentially agreed to the exclusion of Ingrazia from this action, including having any testimony from her at trial, it only follows from, a prejudicial and fairness standpoint, that neither party should be permitted to make any reference to Ingrazia in any substantive way whether in the attempt to establish liability or defend the claims. It would be unfair for one party to reference and rely on Ingrazia in anyway in the prosecution or defense of this action, when the other party would be unable to call Ingrazia to contest any adverse testimony reliant on Ingrazia's version of the facts. It would be equivalent

---

[1] This stipulation is appended as Exhibit "I" to the April 27, 2017 Declaration of Bran Noon in Support of Defendants' Motion for Partial Summary Judgment. See Dkt. Entry No. 43.

to a party pointing to and using an empty chair to substantiate their claim or defense, when neither the empty chair, nor the other party could respond in defense or kind. Accordingly, given that both parties mutually agreed to exclude the testimony of Ingrazia at trial, both parties should be equally precluded from making reference to Ingrazia in the respective prosecution and defense of their cases. See M3 Girl Designs, LLC v. Blue Brownies, LLC, Case No. 09 CV 2390, 2012 WL 12885634, at *5 (N.D. Texas June 1, 2012) (granting motion in limine precluding, and applied to all parties, "[a]ny statement, reference to, or evidence involving any question, statement, or reference to the probable testimony of a witness who is absent, unavailable or not called to testify.").

## II. THE DETERMINATION OF LIQUIDATED DAMAGES SHOULD BE BIFURCATED FROM THE LIABILITY AND STANDARD DAMAGE PORTION OF THE TRIAL

Courts analyze plaintiffs' FLSA and NYLL overtime claims and calculate the amount of plaintiffs' damages for unpaid overtime wages under the FLSA and NYLL together. See, e.g., Herrera v. Tri-State Kitchen & Bath, Inc., No. CV 14-1695, 2015 WL 1529653, at *4 (E.D.N.Y. Mar. 31, 2015) ("Because NYLL provisions are 'substantially similar to the federal scheme,' analysis of overtime claims under federal law would apply equally to claims brought under the FLSA and New York law."). If Defendants are liable of unpaid overtime under the FLSA and NYLL, both statutes authorize the recovery of liquidated damages in an amount equal to unpaid wages. See 29 U.S.C. §216(b); N.Y. Lab. Law. §663(1).

Under the FLSA, courts may reduce or decline to award liquidated damages "if the employer shows to the satisfaction of the court" that the conduct underlying its FLSA violation "was in good faith" and that it had "reasonable grounds" for believing it had not violated the FLSA. 29 U.S.C. §260. At the same time, under the NYLL, liquidated damages should not be

awarded where "the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law[.]" N.Y. Lab. Law. §663(1).

Federal Rule of Civil Procedure 42(b) permits a court to separate a trial into small component parts when doing so would be "for convenience, to avoid prejudice, or to expedite and economize. . ." Fed. R. Civ. P. 42(b). Since Rule 42(b) "does not give rise to a bright-line test," Monaghan v. SZS 33 Assocs., L.P., 827 F.Supp. 233, 245 (S.D.N.Y. 1993), courts use a case-by-case approach and consider myriad factors in determining whether bifurcation is appropriate. Guidi v. Inter-Continental Hotels Corp., No.: 05 Civ. 9006 (LAP), 2003 WL 1846864, at *1 (S.D.N.Y. Apr. 8, 2003) (citations omitted). Those factors include, but are not limited to:

> (1) whether the issues are significantly different from one another;
> (2) whether the issues are to be tried before a jury or to the court;
> (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted.

Id. Additionally, "a court may consider the prejudice to the party requesting bifurcation if such a request is not granted." Id.

Defendants' defense to liquidated damages and establishing a good faith basis for any conduct may rest squarely on its reliance on advice and counsel from its attorney. Defendants should not have to consider waiving the attorney client privilege to defend against liquidated damages assessment, if the jury finds that Defendants are not liable for unpaid wages. Moreover, the presentation of any such evidence could prejudice Defendants to the jury if they claim an exemption defense on one hand, yet on the other hand, have to justify the use of the exemption as if it was questionable choice. See Altman v. Stevens Fashion Fabrics, 441 F.Supp. 1318, 1321 (N.D. Cal.1977) (bifurcating liquidated damages portion of trial in EPA claim, which

was enacted as part of the FLSA and applies 29 U.S.C § 260), see generally, Wright v. Aargo Security Services, Inc., Case No. 99 CV 9115 (CSH), 2001 WL 1035139 (S.D.N.Y. Sept. 7, 2001)(bifurcating FLSA liability and damages portions of trial). This application to bifurcate is only further supported by the fact that under 29 U.S.C § 260, if Defendants can meet their burden in contesting such damages, "to the satisfaction of the court," then it is the "court" – not the jury - "in its sound discretion, [that will] award no liquidated damages or award any amount thereof not to exceed the amount specified in § 216 of this title." 29 U.S.C § 260; see also, McClanahan v. Mathews, 440 F.2d 320, 322 (6th Cir.1971) (commenting that "since an award of liquidated damages [under the FLSA] is left to the 'sound discretion' of the court, it is to be granted, or denied, by the court, as opposed to the jury"); Altman, 441 F.Supp. at 1321 ("award of liquidated damages under [the FLSA] should be made by the Court.").

Accordingly, this Court should bifurcate the liquidated damages portion of the trial in the instance there is a finding of liability against Defendants for unpaid wages.

### III. PLAINTIFF SHOULD BE PRECLUDED FROM ADMITTING EXHIBIT NOS. 6, 8, 15 AND 16 ON THE GROUND THAT THEY ARE INADMISSIBLE HEARSAY

In the proposed Joint Pre-Trial Order ("JPTO"), Plaintiff identified four sets of exhibits that consist of purely inadmissible hearsay that do not fall under any exceptions, which Plaintiff should be precluded from admitting into evidence. As Defendants set forth in the JPTO, they will be asserting an executive and/or administrative exemption defense under the FLSA and NYLL, as a basis for why Plaintiff was not entitled to overtime during her employment for any hours worked in excess of 40 hours a week. Both the executive and administrative exemptions require proof of certain job duties to qualify for the exemption. and the below referenced exhibits proposed by and *written by* Plaintiff may not be admitted by Plaintiff to prove the scope of her job duties.

5

Hearsay is a statement made out-of-court that is offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c). While a statement that is offered against an opposing party is not considered hearsay under the Federal Rules of Evidence, see Fed. R. Evid. 801(d)(2), "there is no corresponding exclusion or exception for a party to juice its own case at trial by willy-nilly introducing the party's own prior consistent statements" given that, by doing so, parties "could relieve themselves from having to testify at all just by writing up their own version of the 'truth' and submitting it with an evidence sticker as an exhibit at trial." DeAngelis v. City of Bridgeport, Case No. 14 CV 01618 (JAM), 2018 WL 429156, at *6 (D. CT, Jan. 15. 2018).

Plaintiff cannot rely on and admit into evidence the following documents, which are her own out of court statements that she attempts to address her own job duties:

    1.    Exhibit no. 6 is an email by Plaintiff during her employment, in which she lists her purported job duties during a period of her employment.

    2.    Exhibit nos. 8.1, 8.2, and 8.3, which are emails from Plaintiff with logs prepared by Plaintiff of her purported employment activities during certain days in January 2015.[2]

    3.    Exhibit nos. 15 and 16 are an email and memorandum, respectively, from Plaintiff in which she lists topics she purportedly taught during her driver training classes during her employment.

See the referenced exhibits attached to the Declaration of B. Noonan, dated March 26, 2018. These documents are all entirely self-serving, out of court statements made by Plaintiff, which she cannot use for the truth of the matter asserted therein, *i.e.*, proof of what Plaintiff's job duties and activities consisted of during her employment. See Beechwood Restorative Care Center v. Leeds, 856 F.Supp.2d 580, (W.D.N.Y. 2012) (finding that "while plaintiffs can seek to offer documents written by Altone or other defendants as statements by a party under Rule 801(d)(2), that rule only applies to statements by a party *opponent*; defendants cannot seek to introduce

---

[2] During a conference call today, Plaintiff's counsel stated that he was breaking Exhibit no. 8 into sub-parts to add additional related exhibits.

their own statements under this rule."); DeAngelis, 2018 WL 429156, at *6 (D. CT, Jan. 15. 2018) (precluding plaintiff from being able to "smuggle into the evidence her prior, self-serving statements to the Greenwich police."); U.S. v. Palow, 777 F.2d 52, 56 (1st Cir. 1985)("The requirement of Rule 801(d)(2)(A) that an admission be offered against a party is designed to exclude the introduction of self-serving states by the party making them.").

Accordingly, Plaintiff should be precluded from admitting into evidence exhibits listed as Exhibits nos. 6, 8 (and all of its subparts), 15 and 16 on Plaintiff's exhibit list.

## CONCLUSION

Defendants respectfully request that this Court grant their motion *in limine* and for all other such relief this Court deems just and equitable.

Dated: New York, New York
March 26, 2018

**AKERMAN LLP**

By: /s/ Bran Noonan
Bran C. Noonan
666 Fifth Avenue, 20th Floor
New York, New York 10103
(212) 880-3822
*Attorneys for Defendants*
*Big Apple Car, Inc. and*
*Diane Clemente*

To: Russell Moriarty, Esq.
Levine & Blitt, PLLC
350 Fifth Avenue, Suite 4020
New York, NY 10118
*Attorneys for Plaintiff*
*Jacqueline Suarez*