COURT EXHIBIT

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

JACQUELINE SUAREZ,

     Plaintiff,

   - against -          **JURY INSTRUCTIONS**

             15-CV-5330 (AMD) (RLM)

**BIG APPLE CAR, INC. and DIANE
CLEMENTE,**

      Defendants.

-------------------------------------------------------------- X

**ANN M. DONNELLY,** District Judge.

   Members of the jury, now that you have heard all the evidence in the case, as well as the

arguments of the lawyers, I will instruct you on the law applicable in this case.  We are all

grateful to you for the close attention you have given to this case thus far.  I ask that you

continue to do so as I give you these instructions.

   As you know, the plaintiff, a former employee of Big Apple Car, Inc., claims that the

defendants, Big Apple Car and Diane Clemente, did not pay her fully in violation of a federal

law, known as the Fair Labor Standards Act—which we call the FLSA—and a New York state

law known as New York Labor Law—which we call the Labor Law or NYLL.  These are federal

and state laws that require, among other things, employers to pay certain employees overtime

premiums for every hour worked over forty hours in a week.

1

In this lawsuit, the plaintiff alleges that the defendants violated the law in two ways. First, the plaintiff says that she worked more than 40 hours in a week and that the defendants did not pay her overtime premium pay for those extra hours.  Second, she alleges that the defendants did not give her wage statements that the New York Labor Law requires all employers to give to employees.

The defendants, Big Apple Car Inc. and Diane Clemente, deny these claims.  They say that they were not required to pay Ms. Suarez overtime because she was what is called an exempt employee.

My instructions will be in three parts:

First, I will give you general instructions about the duties of a jury in a civil case like this.

Second, I will define the legal elements of the plaintiff's claims.

Third, I will give you some general rules about your deliberations.

## I.  ROLE OF THE COURT AND JURY

Your duty, as I mentioned in my opening instructions, is to find the facts from all the evidence in this case.  You are the sole judges of the facts and it is for you and you alone to determine what weight to give the evidence, to resolve any conflicts in the evidence, and to draw the inferences as you deem to be reasonable and warranted from the evidence.

My job is to instruct you on the law.  You must apply the law, in accordance with my instructions, to the facts as you find them.  It is your sworn obligation to follow the law as I give it to you, whether you agree with it or not.  You should not be concerned about the wisdom of any rule of law that I state.  Regardless of any opinion you may have about what the law may be,

2

or should be, you would violate your oaths as jurors if you based your verdict upon any other view of the law than the one I give you in these instructions.

If any of the lawyers said something about the law that is different from what I tell you in these instructions, you must ignore it.  You must be guided solely by what I instruct you about the law.  You should not single out any one instruction as alone stating the law, but should consider my instructions as a whole.

It is your job—not mine—to find the facts.  I have neither expressed nor attempted to suggest that I have an opinion about how you should decide the facts of this case.  You should not consider anything I have said or done in the course of the trial, including these instructions, as an expression of an opinion about the facts or the merits of this case.  There were times when I asked witnesses questions.  You should attach no special significance to these questions just because I asked them.

## A.  THE DEFINITION OF EVIDENCE

You must determine the facts in this case based solely on the evidence presented or the inferences which can reasonably be drawn from the evidence.  The evidence in this case consists of: (1) each witness's testimony, both on direct and cross-examination; (2) the exhibits that have come into evidence; and (3) facts to which both lawyers have agreed or stipulated to as evidence in this case.

Certain things are not evidence: arguments, statements, or summations by the lawyers; objections to the questions or to the offered exhibits; and any testimony that has been excluded, stricken, or that you have been instructed to disregard.  Those are not evidence, and you must disregard them.

3

## B. ISSUES NOT IN THE CASE

There are certain things that are not issues in this case. The legality of using a W-2 or 1099 is not an issue. There may have also been mention of defrauding the taxpayers—that is not a matter for your concern.

## C. WITNESS CREDIBILITY

In deciding what the facts are in this case, you must consider all the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of credibility of the witnesses and the weight their testimony deserves. Your determination of the issue of credibility very largely must depend upon the impression that a witness made upon you. You may choose to disbelieve all or part of any witness's testimony. There is no magical formula for evaluating the testimony of witnesses. You bring to this process all the tools necessary to determine whether you believe a witness—whether the witness is honest, lying, accurate, or mistaken. The most important tool you have is your common sense. In making a decision about whether you believe all or part of a witness's testimony, you may take into account any number of factors, including the following:

- the witness's opportunity to see, hear and know about the events he or she described;
- the witness's ability to recall and describe those things;
- the witness's manner in testifying—was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive or suspect in some way;
- how the witness's testimony on direct examination compared with how the witness testified on cross-examination;

4

- whether the witness's testimony was reasonable in light of all the other evidence in the case;

- whether the witness had any possible bias, any relationship to a party, any motive to testify falsely or any possible interest in the outcome of the trial;

- was the witness's testimony consistent or inconsistent with the witness's testimony on another occasion or by something the witness did or said at another time;

- was the witness's testimony consistent or inconsistent with the testimony of other witnesses, or by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit the testimony. In weighing the effects of an inconsistency, you should consider whether it relates to an important fact or an unimportant detail, and whether the discrepancy results from an innocent mistake or intentional lie.

If you find that any statement made by a witness on the stand is false, in whole or in part, you may disregard the part you find to be false or you may disregard his or her entire testimony as not worthy of belief.

### D. **NO SYMPATHY OR BIAS**

In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy, or prejudice to any party. All parties are equal before the law, and are entitled to the same fair consideration. I know that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

### E.  BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

The plaintiff, Jacqueline Suarez, has the burden of proving each essential element of her claims by a preponderance of the evidence.  The defendants, Big Apple Car Inc. and Diane Clemente, have the burden of proving the defense that they are asserting by a preponderance of the evidence.

Another way to say this is that the party with the burden of proof on an issue must establish the claim by a fair preponderance of the credible evidence.   To establish a claim "by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means evidence that, when you consider and compare it with the evidence opposed to it, convinces you that what is sought to be proved is, more likely than not, true.

A preponderance of the evidence means the greater weight of the evidence.  That does not mean the greater number of witnesses or the greater length of the time taken by either side.  This determination is based on the quality and persuasiveness of the evidence—the weight and effect it has on your minds.

In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of which side called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the evidence produced by the party who does not have the burden outweighs the evidence produced by the party who does have the burden of proof, you must find in favor of the party without the burden of proof, and against the party with the burden of proof.

If you find that the credible evidence on a given issue is in balance or evenly divided

6

between the parties--that it is as probable that one side is right as it is that the other side is right--then you must decide that issue against the party having the burden of proof. That is because the party that has the burden of proof must prove more than simply equality of evidence—she must prove the element at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof does not have to prove more than a preponderance. As long as you find that the scales tip, however slightly, in favor of the party with the burden of proof—that what she claims is more likely true than not true—then the element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the standard in a criminal trial. That requirement does not apply to a civil case like this one, and you should put it out of your mind.

### F.  IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

You may have heard evidence that at some earlier time a witness has said or done something which counsel has argued is inconsistent with the witness's testimony at trial.

If you find that a witness actually made a prior inconsistent statement, you are not to consider that prior statement as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was offered for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. First, you should decide whether there was a prior inconsistent statement. Then, if you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

7

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## II.  SUBSTANTIVE LAW

I will now turn to the second part of this charge and instruct you as to the law governing the plaintiff's claims.  The plaintiff makes claims under the New York Labor Law and the Fair Labor Standards Act.  She claims that the defendants did not pay her for all the hours she worked, did not pay her overtime, and did not provide her wage statements as required by law. Because the New York Labor Law and Fair Labor Standards Act are very similar in application, I usually do not distinguish between them in my instructions to you.

### A.  OVERTIME CLAIM

Under the Fair Labor Standards Act and the New York Labor Law, an employer is required to pay certain employees at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek.  A "workweek" is a fixed and regularly repeating period of 168 hours—seven consecutive 24-hour days.

Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time

8

worked after the first 40 hours.  This is commonly known as time-and-a-half pay for overtime work.

The defendants claim that they were not required to pay the plaintiff overtime because she was not in the category of employees covered by the law.  In other words, the defendants say that the plaintiff was an exempt employee.  I will define for you what it means to be an exempt employee.  There are two types of exemptions that the defendants say apply to the plaintiff.  The first kind of exemption is the executive employee exemption.

### 1.  Executive Employee Exemption

An executive employee is exempt from the overtime payment requirements under the FLSA and NY Labor Law.  In other words, employers do not have to pay overtime for executive employees.  In order for the defendants to establish that the plaintiff was an executive employee exempt from the FLSA and New York Labor Law's overtime requirements, the defendants must prove, by a preponderance of the evidence, the following elements:

1) The plaintiff was paid a certain minimum salary;

2) The plaintiff's primary duties were management of the enterprise in which she was employed, or management of a customarily recognized department or subdivision of the enterprise;

3) The plaintiff customarily and regularly directed the work of two or more other employees; and

4) The plaintiff had the authority to hire and fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

9

I will explain these elements in a bit more detail.

The first element is that the defendant must prove that the plaintiff was paid a certain minimum salary.  The parties have stipulated the plaintiff's salary satisfied this element, so you do not need to consider this first element further.

The second element is that the plaintiff's primary duties were management of the enterprise in which she was employed, or management of a customarily recognized department or subdivision of the enterprise.  "Primary duty" means the principal, main, major or most important duty that the employee performs.  In order to determine the employee's primary duty, you must consider all the facts in the case, with the major emphasis on the character of the employee's job as a whole.  Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee.  Thus, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement.  Time alone, however, is not the sole test.  It is not necessary for exempt employees to spend more than 50 percent of their time performing exempt work.  Employees who do not

spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion.

The third element is that the plaintiff customarily and regularly directed the work of two or more other employees. "Customarily and regularly" means a frequency that must be greater than occasional but which, of course, may be less than constant. Tasks or work performed "customarily and regularly" includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks. The phrase "a customarily recognized department or subdivision" is intended to distinguish between a mere collection of employees assigned from time to time to a specific job or series of jobs and a unit with permanent status and function. A customarily recognized department or subdivision must have a permanent status and a continuing function.

The phrase "two or more other employees" means two full-time employees or their equivalent. One full-time and two half-time employees, for example, are equivalent to two full-time employees. Four half-time employees are also equivalent. The supervision can be distributed among two, three or more employees, but each such employee must customarily and regularly direct the work of two or more other full-time employees or the equivalent. Thus, for example, a department with five full-time nonexempt workers may have up to two exempt supervisors if each such supervisor customarily and regularly directs the work of two of those workers. An employee who merely assists the manager of a particular department and supervises two or more employees only in the actual manager's absence does not meet this requirement.

The fourth element is that the plaintiff had the authority to hire and fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.  To determine whether an employee's suggestions and recommendations are given "particular weight," factors to be considered include, but are not limited to, whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon.  Generally, an executive's suggestions and recommendations must pertain to employees whom the executive customarily and regularly directs.  It does not include an occasional suggestion with regard to the change in status of a co-worker.  An employee's suggestions and recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status.

The issue before you is not whether it was necessary to have more than one manager or whether it was a wise business decision to staff the office in the way that they did.  There is no limit to how many executive employees can be in the company.  In other words, a company can have more than one executive employee at the same time.

If the defendant proves all four elements of the executive exemption defense by a preponderance of the evidence, you must find for the defendant.

## 2.  Administrative Employee Exemption

12

The second kind of exemption is the administrative employee exemption.  An administrative employee is also exempt from the overtime payment requirements under the FLSA and NY Labor Law.  In other words, employers do not have to pay overtime for administrative employees.  In order for the defendants to establish that the plaintiff was an administrative employee exempt from the FLSA and New York Labor Law's overtime requirements, the defendants must prove, by a preponderance of the evidence, the following elements:

1) The plaintiff was paid a certain minimum salary;

2) The plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

3) The plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

I will explain some of these terms.

The first element is that the defendant must prove she was paid a certain minimum salary.  The parties have stipulated the plaintiff's salary satisfied this element.  You must accept this stipulated fact as true, and you therefore do not need to consider this first element further.

The second element is that plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers.  The same "primary duty" definition applies, so I will not repeat the whole instruction here.  The term "primary duty" means the principal, main, major or most

13

important duty that the employee performs.  Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole.

The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee.  To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.

Work directly related to management or general business operations includes, but is not limited to, work in functional areas.  Some examples include tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.  Some of these activities may be performed by employees who also would qualify for another exemption.

The third element is that the plaintiff's primary duty included the exercise of discretion and independent judgment about matters of significance.  The phrase "primary duty" has the same definition as the second element.

In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after consideration of the various possibilities.  The phrase "discretion and independent judgment"

14

must be applied in the light of all the facts involved in the particular employment situation in which the question arises.

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if someone at a higher level reviews their decisions or recommendations. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment.

The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources. The exercise of discretion and independent judgment also does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work.

An employee does not exercise discretion and independent judgment about matters of significance just because the employer will experience financial losses if the employee fails to perform the job properly.

15

The term "matters of significance" refers to the level of importance or consequence of the work performed.  Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

A few examples of exempt administrative employees include:

- Employees who lead a team of other employees assigned to complete major projects for the employer, even if the employee does not have direct supervisory responsibility over the other employees on the team.

16

- An executive assistant or administrative assistant to a business owner or senior executive of a large business, if such employee, without specific instructions or prescribed procedures, has been delegated authority regarding matters of significance.

- Human resources managers who formulate, interpret or implement employment policies and management consultants who study the operations of a business and propose changes in organization.

- Purchasing agents with authority to bind the company on significant purchases, even if they must consult with top management officials when making a purchase commitment for raw materials in excess of the contemplated plant needs.

- Recruiting and training individuals to join an organization.

A few examples of employees who do not meet the requirements for administrative exemption include:

- Ordinary inspection work.

- Comparison shopping performed by an employee of a retail store who just reports to the buyer the prices at a competitor's store.

- Public sector inspectors or investigators of various types, such as fire prevention or safety, building or construction, health or sanitation, environmental or soils specialists and similar employees, because their work typically does not involve work directly related to the management or general business operations of the employer.

If the defendant proves all three elements of the administrative exemption defense by a preponderance of the evidence, you must find for the defendant.

### 3. Elements of Overtime Claim

If the defendant has proved by a preponderance of the evidence that the plaintiff is either an executive employee or an administrative employee, you do not have to address the elements of the overtime claim or the wage statement claim.  It is only if the defendant has not proved by a preponderance of the evidence that the plaintiff is an executive or administrative exempt employee that you consider this question of overtime pay.  In order for the defendants to be liable for failing to pay overtime as required by law, the plaintiff must prove, by a preponderance of the evidence, the following elements:

First, the plaintiff must prove that she was employed by the defendant.  The parties have stipulated that the plaintiff was employed by Big Car Apple Inc. between March 2011 and early 2015, so you do not need to consider this first element further.

Second, the plaintiff must prove that she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.  The parties have stipulated to this element--that Big Apple Car, Inc. had a gross revenue of over $500,000, so you do not need to consider this second element further.

Third, the plaintiff must prove that the defendants failed to pay her time-and-a-half overtime wages for hours worked in excess of 40 in one or more workweeks.  The plaintiff must establish by a preponderance of the evidence that during part or all of the time period she was employed by the defendants, the defendants did not pay her the overtime amount that is required by law.

18

Fourth, the plaintiff must prove that defendants knew or should have known that the plaintiff was working in excess of 40 hours.

When considering the amount of time worked, an employee's travel to and from home at the beginning and end of the work day is not considered worktime. Time spent by an employee in travel as part of her principal activity, such as travel from job site to job site during the workday, however, must be counted as hours worked.

To satisfy her burden of showing that she worked more than 40 hours in a week and was not properly compensated for overtime, the plaintiff may rely on the defendants' payroll records to establish the time she worked and the compensation she was paid. If the defendants failed to keep accurate records, the plaintiff has satisfied her burden if she proves that she has in fact performed work for which she was improperly compensated and if she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The plaintiff's burden is not high. It is possible for the plaintiff to meet her burden through estimates based on her own recollection. Once the plaintiff satisfies her burden, the defendants may rebut with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the plaintiff's evidence.

If you decide that the plaintiff was not paid time-and-a-half for overtime work, you must determine whether that overtime work was "*de minimis*." That is, when it involves only a few seconds or minutes of work beyond forty hours.

An employee is permitted to recover damages for the six-year period before she filed suit. In this case, the plaintiff filed her suit on September 1, 2016. Thus, if you decide to award

19

damages, you may award damages for the time period beginning when the plaintiff first began

working for the defendants in March 2011.

### B. AGREEMENTS TO PAY BELOW THE REQUIRED RATE ARE VOID

Neither the employer nor the employee can agree to waive the minimum wage and

overtime requirements of the FLSA and the Labor Law.  A mistaken belief or a

misunderstanding about what the law requires is not a valid defense to these claims.  Put another

way, the defendants may not escape liability by showing that the plaintiff agreed to accept

payment below the legally required rates or that they accepted payment below the legally

required rates without complaint.

### C. DAMAGES

If you find the defendants liable for failure to pay overtime, you must then determine the

amount of damages the defendants owe to the plaintiff.  The measure of damages for unpaid

overtime is the difference between what the plaintiff should have been paid and the amount that

the plaintiff was actually paid.  The overtime hourly rate for hours worked over 40 hours in a

workweek is 1.5 times the regular hourly rate of pay.

If you decide to award damages, you may award damages for the time period beginning

when the plaintiff first began working for the defendants in March 2011.

### D. RECORDKEEPING VIOLATIONS

The plaintiff also claims that the defendants failed to give her wage statements that they

were required to provide her under New York law.

New York law requires employers to provide employees a written wage statement with

every payment of wages that contains certain information.  For all employees, both exempt and

20

non-exempt, the wage statement has to include the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis of those rates, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. Wage statements for non-exempt employees require additional information: the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

In order to prevail on this claim, the plaintiff must prove by a preponderance of evidence that the defendants did not give her the required wage statement with any wage payment, and the number of weeks between receiving the wage payment and receiving the wage statement (if they received it at all.)

It is a complete defense to these claims that the defendants made "complete and timely" payment of all wages due to the employee who was not provided wage statements, or that the defendants reasonably believed in good faith that they were not required to provide the employee with such statements. This means that if you find either that the defendants made complete and timely payment of all wages due to the employee who was not provided statements, or that the defendants reasonably believed in good faith that they were not required to provide the employee with such statements—you must find that the defendants are not liable for the recordkeeping violation under New York Labor Law.

The defendants made "complete and timely" payment of wages if they paid the plaintiff the full amount of the wages that she was due—which includes payment for all compensable hours worked and overtime—and if they paid those wages on time.

21

The defendants acted in good faith if they sincerely believed that they were not required to provide the wage statement. Put another way, this means that if you find that the defendants actually believed in good faith that they were acting properly, even if they were mistaken in that belief, you must find that the defendants were not liable for the recordkeeping violations.

If you find in favor of the plaintiff on this claim, the plaintiff is entitled to $100 for each instance that the defendants failed to give her a proper wage statement, up to a maximum of $2,500.

## III. CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by a preponderance of the evidence. In a few minutes you will retire to the jury room for your deliberations. I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you. Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.

### A. FOREPERSON

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson. The custom in this courthouse is for Juror No. 1 to act as the foreperson. However, if, when you begin deliberations, you decide that you want to elect another foreperson, you are

22

entitled to do so.  The foreperson will be responsible for signing all communications to the court and for handing them to the Deputy Marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

### B.  COMMUNICATION WITH THE COURT

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me, you may send a note, through the Deputy Marshal, signed by your foreperson.  No member of the jury should attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court.

### C.  JUROR'S RECOLLECTION GOVERNS/REQUESTS FOR TRIAL TESTIMONY

Your recollection governs.  Nobody else's.  If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may request that a witness's or witnesses' testimony, or portions thereof, be sent back to you in the jury room.  Again, you may make such a request by a note to the Deputy Marshal.  I suggest, however, that you be specific to avoid receiving testimony that you do not want or need.  Describe as best and precisely as you can what you want to hear and be patient because it sometimes takes a while to find the testimony in the record.

### D.  DELIBERATIONS AND UNANIMOUS VERDICT

Your duty is to reach a fair conclusion from the law and the evidence.  It is an important one.  When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves.  It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and conscience.  While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict.  Do not indicate what the verdict is.  In *no* communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the dispute between the parties is, for them, no passing matter.  They and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.  By so doing, you carry out to the fullest your oaths as jurors to well and truly try the issues of this case and render a true verdict.

I will ask you to wait for a few moments while I discuss with counsel whether there is

24

anything further about which you need to be charged.


Dated: April 12, 2018
       Brooklyn, New York