UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
JACQUELINE SUAREZ,

                    Plaintiff,

          - against -

BIG APPLE CAR, INC. and DIANE
CLEMENTE, individually,

                    Defendants.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

15 Civ. 5330 (AMD) (RLM)

**ANN DONNELLY,** District Judge.

After a jury found that the plaintiff qualified as an exempt employee under the Fair Labor Standards Act and New York Labor Law, the Court entered judgment in the defendants' favor. The plaintiff moves for judgment as a matter of law or, alternatively, a new trial, pursuant to Federal Rules of Civil Procedure 50(b), 50(c), and 59. For the reasons that follow, the plaintiff's motions are denied.

## BACKGROUND

Defendant Diane Clemente is the president of defendant Big Apple Car, Inc., a black car company that provides corporate transportation. (ECF No. 103-2 at 181.) The plaintiff worked for the defendants between March of 2011 and January of 2015. (ECF No. 103-1 at 7; ECF No. 103-3 at 34.) For the first seven months, the plaintiff was a driver recruiter. (ECF No. 101-3 at 7-8.) She recruited drivers—made calls to potential drivers and handed out flyers and cards at airports—and instructed drivers, using driver manuals created by the defendants and the plaintiff's prior employer. (*Id.* at 3-4; ECF No. 101-4 at 6; ECF No. 103-2 at 122.) The plaintiff also did

1

other chores, including cleaning the defendants' Long Island City office, filing, running errands, and making copies. (ECF No. 103-1 at 9-10.) Diane Clemente testified that she hired the plaintiff because the plaintiff was a recruiting expert; Clemente "did not tell her how to recruit." (ECF No. 103-2 at 193; ECF No. 103-3 at 77.)

In October of 2011, the plaintiff became a dispatch manager, a job she held for almost two-and-a-half years, until she became the director of driver services in March of 2014. (ECF No. 101-3 at 8, 10.) As director of driver services, the plaintiff inspected drivers' cars; if she decided that the driver failed the inspection, the driver would no longer be permitted to drive. (ECF No. 103-2 at 75-76.) The plaintiff also helped drivers with their license applications to the Taxi and Limousine Commission, and coordinated appointments for the drivers with the TLC. (*Id.* at 127-28.) Her duties also included data entry, picking up and dropping off checks, doing "knock-offs"—closing out jobs from the computer system—and answering phones. (ECF No. 101-3 at 11-12; ECF No. 101-6 at 2.) She also stamped and separated checks and vouchers, made copies of checks, updated files, returned calls, and made packages for drivers. (ECF No. 101-6 at 2.) She held this position for about nine months, until December of 2014. (ECF No. 101-3 at 13.)

Diane Clemente testified that the driver services department was "totally responsible for regulatory compliance," which encompassed registration, licensing, and insurance. (ECF No. 103-3 at 21.) According to Clemente, driver services also handled hiring, firing, and disciplining drivers. (*Id.*)

The plaintiff returned to her role as driver recruiter in December of 2014, and left the company in January of 2015. (ECF No. 101-3 at 13; ECF No. 103-3 at 34.)

The plaintiff sued the defendants, alleging that they did not pay her overtime wages to which she was entitled. The case was tried before a jury from April 9 through April 11, 2018. At

the close of the defendant's evidence, the plaintiff moved for judgment as a matter of law, arguing that the defendants had not met their burden of proving that the plaintiff was an exempt executive or administrative employee. I denied the plaintiff's motion. The jury returned a verdict for the defendants, finding that the defendants proved by a preponderance of the evidence that the plaintiff was exempt from the Fair Labor Standards Act and New York Labor Law throughout her entire employment, either because she was an executive employee or an administrative employee. (ECF No. 101-1 at 2.)

## LEGAL STANDARDS

### I. Judgment as a Matter of Law (FRCP Rule 50(b))

Under Rule 50 of the Federal Rules of Civil Procedure, a court may overturn a jury's verdict and enter judgment against a party where "a reasonable jury would not have a sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). This "standard generally imposes a heavy burden on a movant, who will be awarded judgment as a matter of law only when 'a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Fed. R. Civ. P. 50(a)(1)). "That burden is 'particularly heavy' where, as here, 'the jury has deliberated in the case and actually returned its verdict' in favor of the non-movant." *Id.* "In such circumstances, a court may set aside the verdict only 'if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it.'" *Id.* (quoting *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010)). "In short, a Rule 50 motion may be granted only if

the court, viewing the evidence in the light most favorable to the non-movant, concludes that 'a reasonable juror would have been *compelled* to accept the view of the moving party.'" *Id.* (emphasis in original) (quoting *Zellner v. Summerlin,* 494 F.3d 344, 371 (2d Cir. 2007)).

**II.  Motion for New Trial (FRCP Rules 50(b), 50(c), and 59)**

Under Rule 59(a)(1) of the Federal Rules of Civil Procedure, a "court may, on motion, grant a new trial . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). In the Second Circuit, "[a] motion for a new trial should be granted when, in the opinion of the district court, the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice." *DLC Mgmt. Corp. v. Town of Hyde Park,* 163 F.3d 124, 133 (2d Cir. 1998) (quoting *Song v. Ives Labs., Inc.,* 957 F.2d 1041, 1047 (2d Cir. 1992)). The standard under Rule 59(a) is "less stringent" than the Rule 50 standard in two respects: "(1) a new trial under Rule 59(a) 'may be granted even if there is substantial evidence supporting the jury's verdict,' and (2) 'a trial judge is free to weigh the evidence [herself], and need not view it in the light most favorable to the verdict winner.'" *Manley v. AmBase Corp.,* 337 F.3d 237, 244-45 (2d Cir. 2003) (quoting *DLC Mgmt.,* 163 F.3d at 133-34). "A court considering a Rule 59 motion for a new trial must bear in mind, however, that the court should only grant such a motion when the jury's verdict is egregious. Accordingly, a court should rarely disturb a jury's evaluation of a witness's credibility." *DLC Mgmt.,* 163 F.3d at 134. "[T]he mere fact that the trial judge disagrees with the jury's verdict is not a sufficient basis to grant a new trial." *Tse v. UBS Fin. Servs., Inc.,* 568 F. Supp. 2d 274, 287 (S.D.N.Y. 2008) (citing *Mallis v. Bankers Trust Co.,* 717 F.2d 683, 691 (2d Cir. 1983)).

## DISCUSSION

### I. Judgment as a Matter of Law (FRCP Rule 50(b))[1]

The plaintiff seeks a judgment as a matter of law in her favor, arguing that "the jury had no legally sufficient evidentiary basis to conclude that plaintiff actually performed exempt duties as her primary duties." (ECF No. 100 at 9.) I disagree.

The FLSA generally requires employers to pay employees overtime for any hours worked over forty hours in a given week. 29 U.S.C. § 207(a). The requirement does not apply to employees working in a "bona fide . . . administrative . . . capacity." *Id.* § 213(a)(1). This "administrative exemption" exempts employees

> (1) [who are] [c]ompensated on a salary or fee basis at a rate not less than $455 per week . . . exclusive of board, lodging or other facilities;
>
> (2) [w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) [w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a)(1)-(3). The burden is on the employer to prove the exemption, and the exemptions are to be "narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 222 (2d Cir. 2002) (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)). The administrative exemption is

---

[1] Because the defendants concede that they "never alleged that Plaintiff's driver recruiter position qualified for the executive exemption, nor made that exemption the principal focus of their defense on the director of driver services position," I do not address the executive exemption in this opinion. (*See* ECF No. 102 at 7.)

5

incorporated into the New York Labor Law. NYLL § 651(6); *see also Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 104 (2d Cir. 2010).

Viewing the evidence in the light most favorable to the defendants, as I must under Rule 50, I cannot say that "there is no legally sufficient evidentiary basis for a reasonable jury to find" that the plaintiff was an exempt employee under the administrative exemption during her employment as a driver recruiter and director of driver services. The plaintiff's own testimony established that as a driver recruiter, she recruited drivers to work for Big Apple Car and trained the company's drivers. She also called potential drivers, handed out flyers and cards at airports, and taught driver instruction classes using manuals created by the defendants and the plaintiff's prior employer.

The plaintiff was also the director of driver services. Diane Clemente testified that the plaintiff's department was "totally responsible for regulatory compliance," and handled hiring, firing, and disciplining drivers. The plaintiff agreed that she helped drivers with their license applications to the New York Taxi and Limousine Commission, the relevant regulatory authority, and coordinated their appointments with the TLC. She also acknowledged that she could fire drivers; she could fail a driver in an inspection, which would lead to the driver being taken off the road.

This evidence was legally sufficient to support a finding that the plaintiff's primary duties as driver recruiter and director of driver services were "the performance of office or non-manual work directly related to the management or general business operations" of the defendants. The trial record does not present "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture," nor was "the

6

evidence in favor of the [plaintiff] . . . so overwhelming that reasonable and fair minded persons could not arrive at a verdict against [her]." *Brady*, 531 F.3d at 133.

The plaintiff argues that as a driver recruiter she "produced" non-employee drivers, making her "a *production*, as opposed to an *administrative*, employee," and thus did not fall within the administrative exemption. (ECF No. 100 at 15 (emphasis in original).) She also argues that the duties she performed as director of driver services were not administrative duties, but instead were "directly related to production." (*Id.* at 18-19.) The plaintiff cites the "administration-production dichotomy," through which courts have distinguished administrative employees from production employees whose work "was primarily functional rather than conceptual," and "had no involvement in determining the future strategy or direction of the business, nor did they perform any other function that in any way related to the business's overall efficiency or mode of operation." (*Id.* at 14-15 (quoting *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529, 535 (2d Cir. 2009).) But the administration-production dichotomy—generally invoked in manufacturing situations—is not applicable to or useful in this case. *See Krupinski v. Laborers E. Region Org. Fund*, No. 15-CV-982, 2016 WL 5800473, at *6 (S.D.N.Y. Oct. 2, 2016) ("[T]he administration/production dichotomy is merely illustrative—unless the work falls squarely on the production side—and may be of limited assistance outside the manufacturing context.") As described above, the evidence presented at trial was legally sufficient to support the jury's verdict that the plaintiff's roles as driver recruiter and director of driver services qualified for the administrative exemption.

The plaintiff also contends that the defendants' evidence—specifically Diane Clemente's testimony about the responsibilities of the driver services department—was insufficient, and that

the "defendants had to prove that plaintiff's primary duties *actually performed* were exempt administrative duties." (ECF No. 100 at 19-20 (emphasis in original).)

According to the Second Circuit, "the determination of an employee's exemption status must be based on the specific employee's actual primary duties, not on his or her title or position." *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 145 (2d Cir. 2013). Diane Clemente's testimony about the duties of the driver services department, which the plaintiff directed, was proof of the plaintiff's actual primary duties. *See Cooke v. Gen. Dynamics Corp.*, 993 F. Supp. 56, 61 (D. Conn. 1997) (although "defendant's descriptions of plaintiffs' job assignments and responsibilities in their review forms are not controlling on the issue of whether they are administrative employees," they "may be evidence of plaintiffs' job duties"). That evidence, together with the other evidence discussed above, was legally sufficient to support the jury's verdict that the plaintiff's roles as driver recruiter and director of driver services qualified for the administrative exemption.

Accordingly, the plaintiff's motion for judgment as a matter of law is denied.

## II. New Trial (FRCP Rules 50(b), 50(c), and 59)

Nor is the plaintiff entitled to a new trial under Rule 59(a)'s "less stringent" standard. As explained above, the defendants put in evidence—some of which the plaintiff conceded—establishing that the plaintiff's actual work was exempt. The jury's verdict was not egregious, and did not represent a seriously erroneous result or a miscarriage of justice.

Accordingly, the plaintiff's motion for a new trial is denied.

## CONCLUSION

For the reasons stated above, the plaintiff's motions for judgment as a matter of law and a new trial are denied. The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

                                                s/Ann M. Donnelly
                                            _____
                                            Ann M. Donnelly
                                            United States District Judge

Dated: Brooklyn, New York
           January 30, 2019